# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| SHANNON FROGGE, | \* | |
| | \* | No. 16-1693V |
| Petitioners, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: August 26, 2021 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Entitlement; dismissal. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Amy A. Senerth</u>, Muller Brazil, LLP, Dresher, PA, for petitioner;
<u>Mallori B. Openchowski</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Shannon Frogge alleged that the influenza ("flu") vaccine she received on December 23, 2013, caused her to develop Guillain-Barré syndrome ("GBS"), paresthesias, and neuropathy.  Pet., filed Dec. 23, 2016, at Preamble.  On August 26, 2021, Ms. Frogge moved for a decision dismissing her petition.

### I.  **Procedural History**

Shannon Frogge ("petitioner") filed a petition on December 23, 2016.  After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on August 7, 2017, contesting entitlement.  A status conference was then held on August 14, 2017, during which an onset/fact dispute was identified.  Petitioner was

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

then ordered to file a fact affidavit, as well as affidavits from anyone who had knowledge of relevant events.

After additional records were filed, on October 15, 2018, a hearing was held in Salt Lake City, Utah. More records were identified and file, and then the parties filed post-hearing briefs.

The undersigned issued a Findings of Fact on March 31, 2020, establishing by preponderant evidence the onset dates of petitioner's injuries. The evidence supports that resumption of petitioner's right upper quadrant symptoms started on February 1, 2014, and her twitching started on May 15, 2014.

In the April 27, 2020 status conference, the undersigned directed petitioner to obtain an expert report that explains the diagnosis of GBS and accounts for the presentation of symptoms as found in the Findings of Fact.

Subsequently, petitioner filed expert reports from Dr. Nahm. The undersigned identified multiple problems with Dr. Nahm's initial report (filed July 30, 2020), such as not adhering to the Findings of Fact and not identifying and explaining the diagnostic criteria. See Order, filed August 10, 2020. The undersigned ordered petitioner to file a revised expert report.

Petitioner filed the revised report on November 9, 2020. This report is very similar to Dr. Nahm's initial report. Dr. Nahm did not identify his basis for concluding petitioner suffered atypical GBS. Further confusion around petitioner's diagnosis arose when petitioner's counsel suggested Dr. Nahm believes petitioner suffers CIDP. See Order, filed Dec. 15, 2020. Petitioner was ordered to file an updated report by February 12, 2021, clarifying the diagnostic criteria used to determine that petitioner developed GBS and/or CIDP as a result of vaccination.

Petitioner was granted her first motion for enlargement of time. The second motion was denied because petitioner presented no reason for the extension request. See Order, filed March 19, 2021. The order required petitioner to file a renewed motion for enlargement of time by April 2, 2021. Petitioner did not file a renewed motion.

On April 5, 2021, petitioner filed a supplemental report as exhibit 75, filing out of time. On April 8, 2021, petitioner was ordered to show cause why her report

should not be stricken.  Petitioner responded on April 21, 2021.  Ultimately, the report was not stricken.

In a status conference on May 26, 2021, the undersigned noted that in Dr. Nahm's most recent report, he did not clearly explain how fasciculations could be a manifestation of GBS.  The undersigned also proposed that moving forward, petitioner may be required to show cause as to why her cause should proceed.  The rationale is not disciplinary but instead based on the lack of persuasive evidence in this case.  See Duncan v. Sec'y of Health & Human Servs., No. 16-1367V, 2021 WL 1748217 (April 19, 2021) (denying motion for review of a decision dismissing case after petitioner had failed to present a minimally competent report from an expert).

Based on accumulated experience, the undersigned tentatively found that Ms. Frogge is unlikely to establish entitlement to compensation.  First, petitioner's diagnosis remains in question, as her course does not resemble typical GBS and Dr. Nahm has not persuasively explained why GBS is the proper diagnosis.  Second, petitioner has not presented evidence to suggest a five-month interval between vaccination and twitching is causally appropriate.

On August 26, 2021, petitioner moved for a decision dismissing her petition, recognizing that to proceed further under these circumstances would be unreasonable.  This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her.  Though petitioners filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this

as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioners' clear intent that a judgment issue in this case, protecting their right to file a civil action in the future.  See Pet'rs' Mot., filed Aug. 26, 2021, ¶ 9.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that petitioner suffered from GBS.  Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot.  See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010).  Accordingly, the undersigned is not required to evaluate whether the flu vaccine can cause GBS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
