# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SHANNON FROGGE, | * |
| | *    No. 16-1693V |
|       Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: October 25, 2022 |
| | * |
| SECRETARY OF HEALTH | *    Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | *    Attorney Hourly Rate; |
| | *    Expert Hourly Rate |
|       Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Shannon Frogge's motion for final attorneys' fees and costs. She is awarded **$65,726.81**.

\*    \*    \*

On December 23, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on December 23,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2013, caused her to develop Guillain-Barré syndrome, paresthesia, and neuropathy. On October 15, 2018, a fact hearing was held in Salt Lake City, Utah, followed by more records being identified and filed and post-hearing briefs. The undersigned issued a Findings of Fact on March 31, 2020, establishing the onset dates of petitioner's injuries.

Thereafter, petitioner retained an expert, Dr. Frederick Nahm, to file a report explaining the diagnosis of GBS and the presentation of symptoms as established in the Findings of Fact. The undersigned identified multiple problems with Dr. Nahm's initial report, such as not adhering to the Findings of Fact and not identifying and explaining the diagnostic criteria. A revised report was filed on November 9, 2020 – however, this report still contained many of the same issues. For example, Dr. Nahm did not identify his basis for concluding petitioner suffered atypical GBS and introducing the possibility of petitioner suffering from chronic inflammatory demyelinating polyneuropathy.

A status conference was held on May 26, 2021, in which the undersigned proposed that moving forward, petitioner may be required to show cause as to why her cause should proceed based upon the lack of persuasive evidence in this case. Based upon accumulated experience, the undersigned tentatively found that petitioner was unlikely to establish entitlement because her diagnosis remained in question and her expert had failed to persuasively explain why GBS was the proper diagnosis and also failed to present evidence establishing a five-month interval between vaccination and first symptoms as causally appropriate. On August 26, 2021, petitioner moved for a decision dismissing her petition. On the same day, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 4268389.

On February 22, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $58,036.90 and attorneys' costs of $20,528.66 for a total request of $78,565.56. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On March 15, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds that he defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case and, should the Court determine that the requirements have been met, exercise its discretion and determine a reasonable award. Id. at 4-5.

On April 22, 2022, the undersigned filed an order requesting that the parties submit a filing addressing the reasonable basis of the claim. Petitioner submitted her filing on June 22, 2022, arguing that reasonable basis existed for the claim to proceed as it did, and requesting an additional $5,070.00 in attorneys' fees for time spent responding to the undersigned's order, thus bringing the total amount requested to $83,635.56. Respondent submitted his filing on July 22, 2022, indicating that "[w]hile the weaknesses of petitioner's evidence ultimately resulted in the dismissal of her claim, it appears that petitioner submitted enough evidence to satisfy the statutory requirement for an award of attorneys' fees and costs." Resp't's Response to Memorandum at 7-8.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, Respondent has indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

      A.      <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Amy Senerth, $225.00 per hour for work performed in 2018, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, and $325.00 - $350.00 per hour for work performed in 2022; and for Mr. Max Muller, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. <u>See, e.g.</u> <u>Viner v. Sec'y of Health & Human Servs.</u>, No. 20-357V, 2022 WL 9790765 (Fed. Cl. Spec. Mstr. Sept. 30, 2022); <u>Pavlicek v. Sec'y of Health & Human Servs.</u>, No. 19-1573V, 2022 WL 4115663 (Fed. Cl. Spec. Mstr. Aug. 12, 2022).

However, the undersigned notes that Ms. Senerth billed her 2022 time at two different hourly rates. In the original fees motion, she billed at $325.00 per hour, and for work performed responding to the undersigned's order, she billed $350.00 per hour. Petitioner has offered no justification for a rate increase in the middle of the year, and the undersigned finds $325.00 to be a reasonable rate for all work performed by Ms. Senerth in 2022. Application of this rate results in a reduction of $242.50.

A larger issue concerns the work of counsel done after the issuance of the undersigned's Findings of Fact on March 31, 2020. The record reflects that counsel's time was not well-spent advancing petitioner's cause after that date. Despite the Findings of Fact placing petitioner's onset outside of the time frame typically associated with GBS, petitioner chose to obtain an expert in order to advance an argument that petitioner's GBS was atypical. However, the expert's work did little to advance petitioner's cause, and counsel took much longer than

4

typical in obtaining the reports (petitioner ultimately filed five motions for extension of time to obtain the initial report and supplemental reports from Dr. Nahm). Dr. Nahm's reports also were not helpful to petitioner's cause, as they did not abide by the Findings of Fact set forth by the undersigned. That Dr. Nahm was unable to correct these defects even after multiple attempts reflects, at least in part, poor work by counsel to adequately apprise Dr. Nahm of the requirements set forth by the undersigned.

When counsel should recognize a claim's issues but continues to litigate the claim despite diminishing returns, it is unreasonable to award the full amount of attorneys' fees. Austin v. Sec'y of Health & Human Servs., No., 2019 WL 4126538, at *4 (Fed. Cl. Spec. Mstr. Jul. 31, 2019); Anderson v. Sec'y of Health & Human Servs., No. 02-1314V, 2018 WL 6787880, at *1-2 (Fed. Cl. Spec. Mstr. Nov. 16, 2018); Pope v. Sec'y of Health & Human Servs., No. 14-078V, 2017 WL 5380926, at *3 (Fed. Cl. Spec. Mstr. Sept. 11, 2017); R.V. v. Sec'y of Health & Human Servs., No. 08-504V, 2016 WL 7575568, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 28, 2016).

Ultimately, the undersigned finds it reasonable to compensate Ms. Senerth's time expended following the issuance of the Findings of Fact at fifty percent of her typical hourly rate.[2] This results in a reduction of $6,126.25.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that an overall reduction to the requested fees is warranted. First, a small reduction must be made to account for administrative tasks such as paralegals filing documents and attorneys billing time to direct their filing. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed.

---

[2] Alternatively, the number of hours could be reduced by fifty percent and the mathematical calculation would be the same.

Cir. Apr. 22, 2016). The undersigned will reduce the final award of fees by $1,000.00 to account for these issues.

Petitioner is therefore awarded final attorneys' fees of $55,738.15.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $20,528.66 in attorneys' costs. Most of this amount ($14,880.00) is attributable to work performed by Dr. Nahm with the balance comprised of acquiring medical records, postage, the Court's filing fee, and travel costs to attend the fact hearing in Salt Lake City. These costs are reasonable and supported with the necessary documentation and shall be fully reimbursed. Dr. Nahm's work, however, requires additionally discussion.

Dr. Nahm's invoice reflects 24.8 hours billed at $600.00 per hour. The undersigned finds that the hours billed are reasonable and similar to the amount of time expended by Dr. Nahm in reviewing records and preparing multiple reports in other cases. However, $600.00 per hour for Dr. Nahm's work is not reasonable. As a starting point, the undersigned notes that Dr. Nahm's work has typically been compensated at $500.00 by the undersigned and other special masters. See, e.g., Karapetian v. Sec'y of Health & Human Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). However, Dr. Nahm's work in this case does not merit his usual rate. See Frantz. v. Sec'y of Health & Human Servs., 146 Fed. Cl. 137, 146 (2019) (affirming that special masters may reduce the compensation rate for an expert when that expert's work was not worth the charged rate).

Dr. Nahm's first report did not cite to medical literature to identify the diagnostic criteria for GBS nor did Dr. Nahm explain how diagnostic criteria would vary for an atypical presentation of GBS. Further, Dr. Nahm's report did not consistently adhere to the factual findings issued by the undersigned related to the onset of petitioner's neurologic symptoms on May 15, 2014. Scheduling Order, issued August 10, 2020, at 1. Given these issues, the undersigned requested that petitioner obtain a revised report from Dr. Nahm. However, the revised report suffered from many of the same issues as the first report, namely that Dr. Nahm had not identified the basis for determining that petitioner suffered from "atypical GBS." Scheduling Order, issued December 15, 2020, at 1. Furthermore, Dr. Nahm's suggestion that petitioner suffered from CIDP further confused the issues

and his discussion of peripheral nerve hyperexcitability syndrome did nothing to advance petitioner's claim for compensation. Id. A second supplemental report, filed on April 5, 2021, also did not clearly explain how fasciculations could be a manifestation of GBS. Ultimately, none of Dr. Nahm's work product in this case served petitioner well. These compounding problems reduce the value of Dr. Nahm's contributions to petitioner's case. The undersigned finds that a reasonable rate for Dr. Nahm's work in this case is $175.00 per hour, making a reasonable total for his work $4,340.00.

Petitioner is therefore awarded final attorneys' costs of $9,988.66.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$65,726.81** (representing $55,738.15 in attorneys' fees and $9,988.66 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Amy Senerth.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.